**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Lloyd BUNDY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 24, 2014.

Filed July 10, 2014.

Suzanne M. Swan, Public Defender and Victoria H. Vidt, Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: BOWES, JENKINS, and FITZGERALD,* JJ.

## OPINION BY FITZGERALD, J.:

Appellant, Lloyd Bundy, appeals from the order of the Allegheny County Court of Common Pleas denying his petition for writ of *habeas corpus* seeking relief from the retroactive application of Megan's Law's registration requirement. Appellant argues that (1) the trial court erred in deeming his petition for relief as one filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546; and

(2) the retroactive application of the Megan's Law's registration requirement would violate the terms of his original plea agreement. Appellant and the Commonwealth also filed a joint petition for permission to submit a post-submission communication with this Court identifying recent amendments to 42 Pa.C.S. § 9799.13 and requesting that the statute be considered in this appeal. *See* Pa. R.A.P. 2501(b). We grant the petition to submit a post-submission communication, hold that the recent codification of 42 Pa. C.S. § 9799.13(3.1) contains exceptions to the retroactive application of Megan's Law's registration requirement, and conclude that Appellant is not required to register as a sexual offender. Accordingly, we reverse the order of the trial court.

The facts and procedural history of this appeal are not in dispute. Appellant, on August 21, 2008, was charged with several offenses related to sexually assaulting his girlfriend's daughter. On May 12, 2009, Appellant entered negotiated *nolo contendere* pleas to indecent assault and corruption of minors.[1] The trial court, that same day, imposed the agreed upon sentence of an aggregate probationary term of four years. At the time of the plea hearing, the offense of indecent assault, under Section 3126(a)(8), was graded as a second-degree misdemeanor and was **not** subject to a registration requirement under Megan's Law. *See* 18 Pa.C.S. § 3126(b)(1); 42 Pa. C.S. § 9795.1(a)(1) (expired Dec. 20, 2012).

Appellant subsequently violated his probation and on December 8, 2011, appeared before the trial court for sentencing on the probation violation.[2] The trial court sentenced Appellant to three to six months'

---

* Former Justice specially assigned to the Superior Court.

1. 18 Pa.C.S. § 3126(a)(8), § 6301(a)(1) (subsequently amended Oct. 7, 2010, effective Dec. 6, 2010).

2. The present record contains no details regarding Appellant's probation violation.

incarceration in alternative housing on the corruption of minors count and a consecutive two years' probation on the indecent assault count.

Twelve days after Appellant was sentenced on the probation violation, the Governor signed Act 111. *See* 2011 P.L. 446, No. 111, § 12 (enacted Dec. 20, 2011, effective Dec. 20, 2012). Act 111, in relevant part, included the offense of indecent assault under Section 3126(a)(8) as a "sexually violent offense."[3] *See* 42 Pa.C.S. § 9799.12. Moreover, a conviction under Section 3126(a)(8) was listed as a "Tier II sexual offense," which triggered a twenty-five year registration period. *See* 42 Pa. C.S. §§ 9799.14(c)(1.2), 9799.15(a)(2). Act 111 also contained the following provision related to the applicability of Megan's Law's registration requirements.

> The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:
>
> \* \* \*
>
> (2) An individual who, on or after the effective date of this section, is an inmate in a State or county correctional institution of this Commonwealth, including a community corrections center or a community contract facility, **is being supervised by the Pennsylvania Board of Probation and Parole or county probation or parole** or is subject to a sentence of intermediate punishment and **has been convicted of a sexually violent offense.**

2011 P.L. 446, No. 111, § 12 (codified at 42 Pa.C.S. § 9799.13(2), subsequently amended by 2012 P.L. 880, No. 91, § 5 (July 5, 2012)) (emphases added). The above-stated registration and applicability provisions took effect on December 20, 2012, one year after Act 111 was enacted. Appellant, who was then serving the probationary term of the December 8, 2011 violation of probation sentence, was informed that he was subject to Megan's Law's registration provisions.

On February 19, 2013, Appellant filed the instant, counseled petition seeking relief from the registration requirement. Although Appellant filed the petition as one seeking a writ of *habeas corpus,* the trial court considered the petition under the PCRA. The court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as frivolous and untimely. Appellant filed a response in which he alleged that his claim for relief was cognizable as a petition for a writ of *habeas corpus.* The court thereafter entered the underlying order dismissing Appellant's petition on May 13, 2013, and Appellant timely filed the notice giving rise to this appeal.

While this appeal was pending, the General Assembly, on March 12, 2014, passed House Bill 1985, which, in turn, was signed by the Governor on March 14, 2014. *See* 2014 P.L. ——, No. 19, § 3, 7(1) (enacted Mar. 14, 2014, effective Dec. 20, 2012) ("Act 19"). Act 19 again amended Megan's Law's applicability provisions and in-

---

**3.** Additionally, Act 111 provided that the offense of corruption of minors under 18 Pa. C.S. § 6301(a)(1)(ii) was a sexually violent offense. *See* 42 Pa.C.S. §§ 9799.12, 9799.14(b)(8). However, Appellant was charged and convicted of corruption of minors under former 18 Pa.C.S. § 6301(a)(1) (subsequently amended Oct. 7, 2010, effective Dec. 6, 2010), before the creation of the offense under 18 Pa.C.S. § 6301(a)(1)(ii). Therefore, Appellant's corruption of minors conviction is not a predicate offense for imposing a registration requirement under Megan's Law.

serted 42 Pa.C.S. § 9799.13(3.1). As amended, the applicability provisions of Megan's Law state, in relevant part:

The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:

\* \* \*

(2) An individual who, on or after the effective date of this section, is, as a result of a conviction for a sexually violent offense, an inmate in a State or county correctional institution of this Commonwealth, including a community corrections center or a community contract facility, is being supervised by the Pennsylvania Board of Probation and Parole or county probation or parole, is subject to a sentence of intermediate punishment or has supervision transferred pursuant to the Interstate Compact for Adult Supervision in accordance with section 9799.19(g).

\* \* \*

(3.1) The following:

(i) An individual **who between January 23, 2005, and December 19, 2012,** was:

(A) **convicted of a sexually violent offense;**

(B) released from a period of incarceration resulting from a conviction for a sexually violent offense; or

(C) under the supervision of the Pennsylvania Board of Probation and Parole or county probation or parole as a result of a conviction for a sexually violent offense.

(ii) For purposes of this paragraph, the term "sexually violent offense" shall have the meaning set forth in section 9799.12 (relating to definitions), **except that it shall not include:**

(A) Convictions:

(I) Under the following provisions of 18 Pa.C.S. (relating to crimes and offenses):

Section 2902(b) (relating to unlawful restraint).

Section 2903(b) (relating to false imprisonment).

Section 2904 (relating to interference with custody of children).

Section 3122.1 (relating to statutory sexual assault).

Section 6301 (relating to corruption of minors).

Section 7507.1 (relating to invasion of privacy).

(II) For a comparable military offense or similar offense under the laws of another jurisdiction or foreign country or under a former law of this Commonwealth prior to December 8, 2008.

(B) **A conviction under 18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree** or where the conviction occurred between January 22, 2006, and January 1, 2007, when the crime is graded as a felony of the third degree.

42 Pa.C.S. § 9799.13(2), (3.1) (enacted Mar. 14, 2014, effective Dec. 20, 2012) (emphasis added). It bears reiteration that the above-recited amendments were made retroactive to December 20, 2012.

Against this changing legal backdrop, we proceed to consider the issues raised by Appellant. For the reasons that follow,

we conclude that the trial court erred when it reviewed Appellant's petition under the strictures of the PCRA. Furthermore, in light of the recent changes to Megan's Law, which occurred while this appeal was pending, we conclude Appellant is entitled to relief.

First, as to the trial court's decision to regard Appellant's petition under the PCRA, we note that our case law has yet to adopt a settled procedure for challenging the retroactive application of a Megan's Law's registration requirement. However, in *Commonwealth v. Masker*, 34 A.3d 841 (Pa.Super.2011) (*en banc*), *appeal denied*, 616 Pa. 635, 47 A.3d 846 (2012), this Court held that challenges to a defendant's designation as a sexually violent predator ("SVP") did not present cognizable issues under the PCRA because it did not pertain to the underlying conviction or sentence. *Id.* at 842. Similarly, in *Commonwealth v. Partee*, 86 A.3d 245 (Pa.Super.2014), this Court observed that a challenge to the retroactive application of Megan's Law "[did] not fall within the scope of the PCRA and should not be reviewed under the standard applicable to the dismissal of PCRA petitions." *Id.* at 247.

Nevertheless, this Court has previously considered the substantive aspects of appeals challenging post-conviction applications of Megan's Law. For example, in *Commonwealth v. Benner*, 853 A.2d 1068 (Pa.Super.2004), this Court affirmed, on the merits of that appeal, the denial of a defendant's "Motion for Hearing Regarding Megan's Law Applicability" contesting the retroactive application of a lifetime registration requirement. *Id.* at 1069. In *Commonwealth v. Hainesworth*, 82 A.3d 444 (Pa.Super.2013) (*en banc*), the trial court dismissed the defendant's "motion seeking termination of supervision," which he filed to avoid the retroactive application

of the SORNA registration requirement. *Id.* at 446. The trial court, in that case, denied the motion to terminate supervision, but entered an order declaring that the defendant would not be subject to the SORNA requirements. *Id.* The Commonwealth appealed, and this Court affirmed the trial court's decision that the retroactive application of Megan's Law would offend a negotiated term in the plea agreement between the parties. *Id.* at 450.

In *Partee*, the defendant filed a "petition for habeas corpus and/or seeking enforcement of a plea agreement" seeking to avoid the retroactive application of the SORNA requirements. *Partee*, 86 A.3d at 246. The trial court dismissed the petition under the PCRA. *Id.* This Court concluded that the Appellant's petition should not have been decided under the PCRA, but affirmed the trial court's denial of relief on the merits of the case. *Id.* at 247, 250. Specifically, we held that the defendant was not entitled to specific performance of his earlier plea bargain because his probation violation voided that agreement. *Id.* at 250.

In light of the foregoing decisional law, we need not decide the precise mechanism by which a defendant may challenge the retroactive application of a Megan's Law's registration requirement. Rather, it suffices to note that the statutory and rule-based requirements governing a PCRA petition do not apply to a challenge to the retroactive application of Megan's Law, but that this Court has jurisdiction to review orders confirming or rejecting a retroactive registration requirement. *See Partee*, 86 A.3d at 247, 250; *Hainesworth*, 82 A.3d at 450; *Benner*, 853 A.2d at 1072. Accordingly, we conclude that the trial court's determination that Appellant's petition was untimely and/or meritless under the PCRA constituted error. *See Partee*, 86 A.3d at 247.

Second, as to Appellant's substantive claims, the parties acknowledge that the statutory provisions governing the application of Megan's Law's registration requirement have changed. Therefore, we proceed to consider the current registration requirements as they apply to Appellant.

 The proper interpretation of a statute raises a question of law, over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Dixon,* 53 A.3d 839, 842 (Pa.Super.2012).

> When interpreting a statute, we look "to ascertain and effectuate the intention of the General Assembly." Additionally, we must give effect to all of the laws provision and are not to "render language superfluous or assume language to be mere surplusage." If "the text of the statute is 'clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'"

*In re T.P.,* 78 A.3d 1166, 1174 (Pa.Super.2013).

Moreover, where there is a conflict in the terms of a statute, 1 Pa.C.S. § 1933 provides the following guidance:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be en-

acted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

Under 42 Pa.C.S. § 9799.13(3.1), which was enacted by Act 19 and made retroactive to December 20, 2012, certain convictions between January 23, 2005, and December 19, 2012, for "sexually violent offenses" trigger a registration requirement. 42 Pa.C.S. § 9799.13(3.1)(i)(A) (stating that registration requirement applies, *inter alia,* to individual, who between certain times, was "convicted of a sexually violent offense."). However, the General Assembly also established that several offenses are not sexually violent offenses under Paragraph (3.1). 42 Pa.C.S. § 9799.13(3.1)(ii) (stating, "For purposes of this paragraph, the term 'sexually violent offense' shall have the meaning set forth in section 9799.12 (relating to definitions), **except** that it shall not include" the offenses listed in subparagraphs (A) and (B) (emphasis added)). Those exceptions include "[a] conviction under 18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree." 42 Pa.C.S. § 9799.13(3.1)(ii)(B). Consequently, where an individual, between January 23, 2005, and December 19, 2012, is convicted of an offense enumerated in 42 Pa.C.S. § 9799.13(3.1)(ii)(A) or (B), such as indecent assault graded as a second-degree misdemeanor, that conviction is not a "sexually violent offense" triggering a registration requirement.[4]

4. We are mindful that there is possible tension between Paragraph (3.1)(ii) and Paragraph (2) of Section 9799.13, with the latter stating, in relevant part, that the registration requirements apply to "[a]n individual who, on or after the effective date of this section [December 20, 2012], is, as a result of a

conviction for a sexually violent offense, ... being supervised by the Pennsylvania Board of Probation and Parole or county probation or parole[.]" 42 Pa.C.S. § 9799.13(2). Nevertheless, to the extent there may be a conflict in the statute, the general provision in Paragraph (2) yields to the specific provision set

Instantly, Appellant, in relevant part, was convicted of indecent assault graded as a misdemeanor of the second degree on May 12, 2009.[5] Therefore, the conviction upon which registration is currently sought occurred within the timeframe specified in Paragraph 3.1(i)(A). However, under Paragraph 3.1(ii)(B) the offense is not deemed to be a sexually violent offense. Accordingly, Appellant falls within the exception to the application of Megan's Law, and he is not subject to registration under 42 Pa.C.S. § 9799.15.

Thus, having reviewed the record and the governing law, we conclude Appellant is not subject to a registration requirement, and we must reverse the order of the trial court confirming the imposition of a registration requirement.

Petition to submit post-submission communication granted. Order reversed. Jurisdiction relinquished.

Judge JENKINS concurs in the result.

forth in Paragraph (3.1) and Paragraph (3.1) controls. *See* 1 Pa.C.S. § 1933.

**5.** As noted *supra*, at n. 3, Appellant's conviction for corruption of minors under former section 18 Pa.C.S. § 6301(a)(1) is not a predicate offense for registration. *See* 42 Pa.C.S. § 9799.14(b)(8). In any event, we note that Paragraph (3.1) also contains an exception for corruption of minors convictions between January 23, 2005, and December 19, 2012. *See* 42 Pa.C.S. § 9799.13(3.1)(ii)(A).