J-S44016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OSCAR HATCHETT, JR. | |
| Appellant | No. 1823 WDA 2013 |

Appeal from the PCRA Order October 16, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003441-2000

BEFORE: BENDER, P.J.E., LAZARUS, J., and OTT, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED AUGUST 22, 2014**

Oscar Hatchett, Jr., appeals from the order of the Allegheny County Court of Common Pleas dismissing his petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm the order of lower court, and further conclude that Hatchett is not subject to the Megan's Law[2] registration requirements.

On appeal, Hatchett challenges the retroactive application of the Megan's Law registration requirements.  We note that the "statutory and rule-based requirements governing a PCRA petition do not apply to a

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. §§ 9799.10-9799.41 (as amended 2011, Dec. 20, P.L. 446, No. 111, § 12).

challenge to the retroactive application of Megan's Law, but that this Court has jurisdiction to review orders confirming or rejecting a retroactive registration requirement." ***Commonwealth v. Bundy***, 2014 PA Super 144, *10 (filed July 10, 2014). After a thorough review of the record, we find it devoid of any order confirming or rejecting a retroactive registration requirement. Accordingly, we are constrained to affirm the trial court's dismissal of Hatchett's petition for failure to raise a cognizable claim.

Nevertheless, upon our review of the record, we found no support for Hatchett's contention that he is subject to the Megan's Law registration requirements. Initially, Hatchett entered negotiated guilty pleas to indecent assault[3] and unlawful restraint,[4] stemming from an incident with a fellow Pennsylvania Culinary Institute student. The court sentenced Hatchett to one to two years' incarceration with 30 months' probation. At the time, Hatchett's conviction did not require sexual offender registration. ***See*** 18 Pa.C.S. § 3126(b)(1); 42 Pa.C.S. §9795(a)(1) (expired Dec. 20, 2012).

On December 20, 2012, a new version of Megan's Law went into effect.[5] As part of the new statute, an individual who, on or after the

---

[3] 18 Pa.C.S. § 3126(a)(1).

[4] 18 Pa.C.S. § 2902(a)(1).

[5] The Pennsylvania Legislature amended Megan's Law to comply with the federal Sex Offender Registration and Notification Act ("SORNA"). 42 U.S.C. § 16901.

effective date of the law, was serving a sentence of probation or parole for a sexually violent offense became subject to its provisions. The new statute also included Hatchett's indecent assault conviction as a sexually violent offense, requiring Megan's Law registration for a period of fifteen years.

Hatchett subsequently violated his probation, and the trial court resentenced him on July 26, 2012. Upon resentencing, Hatchett was categorized as a Tier I sexual offender pursuant to the new version of Megan's Law, and the Pennsylvania Board of Probation and Parole informed him that he was required to register.

On March 14, 2014, during the pendency of this appeal, the Legislature again amended Megan's Law to exclude persons convicted of indecent assault, graded as a misdemeanor of the second degree, from the statute's registration requirements. 42 Pa.C.S. § 9799.13(3.1)(ii)(B). The Legislature made this amendment effective immediately and retroactive to December 20, 2012 – the effective date of the registration requirements at issue in this appeal. *See* 42 Pa.C.S. § 9799.12. Giving this law retroactive effect, as the Legislature mandated, Hatchett is not now, and effectively never was, subject to the Megan's Law registration requirements. *See* ***Bundy*** at *10 n.4.[6]

_____

[6] We note with concern that the Commonwealth filed its brief on June 6, 2014 with no mention of the March 14, 2014 amendment, and remind Appellee of its duty of candor to the tribunal pursuant to Rule 3.3(a)(2) of the Pennsylvania Rules of Professional Conduct.

Order affirmed. We direct the trial court to issue an order consistent with this judgment order and forward a copy to the Pennsylvania Board of Probation and Parole.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014