J-S37023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON MICHAEL BLAIR | |
| Appellant | No. 1815 MDA 2013 |

Appeal from the Order Entered September 16, 2013
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0001702-2009

BEFORE:  LAZARUS, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 03, 2014**

Appellant, Brandon Michael Blair, appeals from the order entered on September 16, 2013 in the Court of Common Pleas of Centre County, denying Appellant's Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus.  For the reasons stated herein, we vacate the trial court's September 16 order.

As a result of events that transpired in the early morning hours of September 7, 2009, Appellant was arrested and charged with one count of sexual assault, 18 Pa.C.S.A. § 3124, two counts of aggravated indecent assault, 18 Pa.C.S.A. § 3125(a)(1), and two counts of indecent assault, 18 Pa.C.S.A. § 3126(a)(1).  At a hearing conducted on July 23, 2010, Appellant agreed to plead guilty to the two counts of indecent assault, misdemeanors of the second degree.

On August 24, 2010, the trial judge sentenced Appellant to imprisonment in the Centre County Correctional Facility for a period of not less than 11-1/2 nor more than 23-1/2 months on one count of indecent assault, sentenced him to a consecutive two-year term of probation on the second count of indecent assault, and *nol prossed* the remaining counts. Under Pennsylvania law in effect at the time of sentencing, Appellant's indecent assault convictions did not trigger any requirements to register as a sex offender.[1]

The trial judge approved Appellant for parole in an order filed May 18, 2011. On December 20, 2011, the Pennsylvania Legislature enacted the Sex Offender Registration and Notification Act ("SORNA"), which became effective on December 20, 2012. 42 Pa.C.S.A. §§ 9799.10-9799.41. Any individual being supervised by the board of probation or parole as of the effective date of SORNA was subject to its provisions. 42 Pa.C.S.A. § 9799.13(2). An individual convicted of indecent assault under 18 Pa.C.S.A. § 3126(a)(1), a "Tier I sexual offense," was required to register with the Pennsylvania State Police for a period of 15 years. 42 Pa.C.S.A. § 9799.14(b)(6) and 15(a)(1). However, two convictions for indecent assault constituted a "Tier III sexual offense," requiring registration for the

_____

[1] At the time of Appellant's August 2010 conviction, sex offender registration requirements were governed by 42 Pa.C.S.A § 9795.1, which expired on December 20, 2012 pursuant to 42 Pa.C.S.A. § 9799.41.

lifetime of the individual. 42 Pa.C.S.A. § 9799.14(d) and 15(a)(3). As an individual with two convictions under 18 Pa.C.S.A. § 3126(a), Appellant became subject to lifetime registration as a sex offender with the enactment of SORNA.

On November 5, 2012, in anticipation of the effective date of SORNA and because Appellant's probationary period would not end until August 2014, Appellant filed a Motion for Early Termination of Parole/Probation and/or Motion to Withdraw Guilty Pleas *nunc pro tunc*. Appellant sought an order terminating his probation prior to December 20, 2012 so he would not have to register as a sex offender under SORNA, noting there was no requirement to register under the statute in effect when he entered his guilty plea. Alternatively, Appellant sought leave to withdraw his guilty plea, claiming that a significant incentive for entering his guilty plea was to eliminate the risk of a conviction requiring sex offender registration.

The trial court denied Appellant's motion on December 13. On December 17, Appellant filed an amended motion seeking the same relief. The trial court denied the amended motion by order entered on December 27, 2012.[2]

_____

[2] In response to the Commonwealth's objection to the motion, the trial court entered a second order on December 31, 2012 denying the amended motion.

On July 2, 2013, Appellant filed a Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus in an attempt to bar retroactive application of SORNA to his convictions. Appellant asserted that the non-registration aspect of his plea agreement, while not mentioned specifically in his written colloquy, was a "critical, material, and implicit element of his plea agreement and was one of two major reasons for the acceptance of the plea offer made by the Commonwealth in his case." Petition to Enforce Plea Agreement, 9/25/13, at ¶ 5. Appellant argued that retroactive application of SORNA violated his plea agreement and the Due Process Clauses of the United States and Pennsylvania Constitutions. *Id.* at ¶ 9. By order dated September 13 and filed on September 16, 2013, the trial court denied Appellant's petition for lack of jurisdiction to modify Appellant's sentence.

On September 25, Appellant filed a motion for an evidentiary hearing so that Appellant could state on the record for this appeal his belief that the plea agreement eliminated the possibility of any sex offender registration requirement. The trial court granted the motion and an evidentiary hearing was conducted on October 3, 2013. In the course of the hearing, Appellant testified that he accepted the plea deal because of the "risk of having to register as a sex offender, some of the other charges were felonies." N.T. Evidentiary Hearing, 10/3/13, at 5. He stated he would not have entered the plea if he had known he would have to register as a sex offender, and

explained that registration presents a problem for his employment, which involves welding work in schools. *Id.* at 10-12.

Appellant's counsel also testified at the hearing, over the Commonwealth's objection, by making a statement in which he claimed:

> During the course of the case and after jury selection ongoing plea negotiations were instituted with the Assistant DA at the time [], and during the course of those negotiations a key component of any plea offer from [Appellant's] side [] was that [Appellant] would not plead to anything that would require a state sentence or require registration as a sex offender.
>
> * * *
>
> [The Assistant D.A.] got back to me with a plea offer. The plea offer was that if [Appellant] pled guilty to two counts of indecent assault, misdemeanors of the second degree, the Commonwealth would nol pros the other charges but he would have to serve a sentence of 11 and a half to 23 and a half months in regard to Count 4, that was the first count of indecent assault, and that would be followed by a period of probation thereafter.
>
> The period of incarceration was above and beyond the standard, or even for that matter the aggravated range, of the sentencing guidelines for misdemeanor two, indecent assault, but because it involved charges which would not require [Appellant] to register as a sex offender, and after many discussions not only with [Appellant] and his parents in my office and on the phone, . . . [Appellant] agreed to accept the plea.
>
> Implicit in that agreement was his understanding that he would not have to register as a sex offender. At the time he had a job, which required him to go into schools and that was a big, big concern to him, that he not have to register as a sex offender.
>
> Had he had to register as a sex offender, [Appellant] had made it clear to me he would take his chances with a trial. We had talked about a trial and all of the potential problems and risk involved, even though we always felt he had a decent defense to

this case because it involved a situation in which the young lady involved thought she was having sex with her boyfriend after drinking and found out only afterwards that it wasn't her boyfriend, it was [Appellant] and he was charged as a result of those circumstances.

But, again, it was absolutely clear that [Appellant] had two major concerns in pleading guilty, avoiding the risk of going to state prison if he were convicted of a felony charge and not having to register as a sex offender if we were able to work out a plea negotiation. It was clear from the beginning.

*Id.* at 14-16. Appellant's counsel acknowledged there was no mention of avoiding sex offender registration in the plea offer, in the guilty plea colloquy, or in the sentencing proceedings because "there was no requirement for registration [for the misdemeanor two indecent assault convictions] and no one could have foreseen that this would become an issue down the road." *Id.* at 20.

Following the evidentiary hearing, Appellant filed a timely appeal from the September 16 order and complied with the trial court's directive to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant raised two errors in his 1925(b) statement and has rephrased them in this appeal as follows:

I. Did the lower court err in denying [Appellant's] petition to enforce plea agreement or for a writ of habeas corpus relating to the registration requirements under SORNA on the basis the lower court no longer had jurisdiction in [Appellant's] case?

II. Did the lower court err in holding it no longer had jurisdiction or authority to enforce the explicit and/or implicit terms of the plea agreement entered into by [Appellant] and the Commonwealth in his case?

Appellant's Brief at 4.

Addressing Appellant's issues in its 1925(a) opinion, the trial court expressed empathy toward Appellant's situation but concluded it was constrained from granting relief to Appellant by virtue of its lack of jurisdiction to modify Appellant's sentence. Trial Court Opinion, 12/12/13, at 2-3. A week later, the trial court withdrew its December 12 opinion in a supplemental opinion prompted by this Court's December 12 decision in *Commonwealth v. Hainesworth*, 82 A.3d 444 (Pa. Super. 2013) (*en banc*), *appeal denied*, 2014 Pa. LEXIS 1664 (Pa., July 8, 2014).

In **Hainesworth**, an *en banc* panel of this Court upheld the trial court's enforcement of Hainesworth's pre-SORNA plea agreement under which no sex offender registration was required, applying contract principles to conclude that the plea agreement "contained a negotiated term that Hainesworth did not have to register as a sex offender." **Id.** at 450. In the wake of **Hainesworth**, the trial court in the instant case explained it was withdrawing its December 12 opinion, anticipating this Court would reverse the September 16 order denying Appellant's motion to enforce his plea agreement. Trial Court Supplemental Opinion, 12/19/13, at 1.

The Commonwealth attempts to distinguish **Hainesworth** based on the fact there was specific mention of Hainesworth's goal of avoiding sex offender registration during the plea hearing in his case, whereas there was no mention of sex offender registration during Appellant's plea hearing.

- 7 -

While it is true Appellant did not explain on the record in 2010 his motivation for accepting the plea deal, it is equally true he was not asked anything more specific than whether he understood the range of sentences and fines for the offenses charged. N.T. Guilty Plea Hearing, 7/23/10 at 6. He did, however, testify at the 2013 evidentiary hearing that the risk of having to register as a sex offender was a consideration for entering into the plea agreement. N.T. Evidentiary Hearing, 10/3/13, at 5, 10-12.

In **Hainesworth**, this Court employed a contract law analysis to ascertain "what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Id.* at 447 (quoting **Commonwealth v. Fruehan**, 557 A.2d 1093, 1095 (Pa. Super. 1989)). "Such a determination is made 'based on the totality of the surrounding circumstances,' and '[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]." *Id.* (quoting **Commonwealth v. Kroh**, 654 A.2d 1168, 1172 (Pa. Super. 1995)). This Court concluded non-registration was a term of Hainesworth's plea bargain and it was not error for the trial court to order specific enforcement of the terms of that bargain. *Id.* at 448.

In the case before us, we could likewise employ a contract law analysis for our review of the trial court's denial of Appellant's motion to enforce his plea agreement. However, that analysis is unnecessary due to amendments to SORNA, under which Appellant is no longer subject to the registration

requirements. ***See Commonwealth v. Bundy***, 2014 PA Super. 144, 2014

Pa. Super. LEXIS 1780 (July 10, 2014).

On March 12, 2014, while this appeal was pending, Act 19 was signed

into law, amending SORNA by, *inter alia*, adding § 9799.13(3.1), effective

retroactive to December 20, 2012, so that § 9799.13 now reads, in relevant

part:

> § 9799.13. Applicability
>
> **The following individuals shall register** with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:
>
> * * *
>
> (2) An individual who, on or after [December 20, 2102], is, as a result of a conviction for a sexually violent offense, . . . being supervised by the Pennsylvania Board of Probation and Parole or county probation or parole [].
>
> * * *
>
> (3.1) The following:
>
> (i) **An individual who between January 23, 2005, and December 19, 2012, was:**
>
> **(A) convicted of a sexually violent offense;**
>
> **(B) released from a period of incarceration resulting from a conviction for a sexually violent offense; or**
>
> **(C) under the supervision of the Pennsylvania Board of Probation and Parole or county probation or parole as a result of a conviction for a sexually violent offense.**

**(ii) For purposes of this paragraph, the term "sexually violent offense"** shall have the meaning set forth in section 9799.12 (relating to definitions), except that it **shall not include:**

* * *

**(B) A conviction under 18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree [].**

42 Pa.C.S.A. § 9799.13 (emphasis added).

In **Bundy**, this Court concluded that while Bundy's appeal did not present cognizable issues under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, this Court does have jurisdiction to review orders confirming or rejecting a retroactive sex offender registration requirement. **Bundy, supra** at *3-*4. The Court then considered the current registration requirements under SORNA as amended and announced:

The proper interpretation of a statute raises a question of law, over which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Dixon**, 53 A.3d 839, 842 (Pa. Super. 2012).

When interpreting a statute, we look "to ascertain and effectuate the intention of the General Assembly." Additionally, we must give effect to all of the [law's provisions] and are not to "render language superfluous or assume language to be mere surplusage." If "the text of the statute is 'clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'"

**In re T.P.**, 78 A.3d 1166, 1174 (Pa. Super. 2013).

Moreover, where there is a conflict in the terms of a statute, 1 Pa.C.S. § 1933 provides the following guidance:

> Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

Under 42 Pa.C.S. § 9799.13(3.1), which was enacted by Act 19 and made retroactive to December 20, 2012, certain convictions between January 23, 2005, and December 19, 2012, for "sexually violent offenses" trigger a registration requirement. 42 Pa.C.S. § 9799.13(3.1)(i)(A) (stating that registration requirement applies, *inter alia,* to [an] individual, who between certain times, was "convicted of a sexually violent offense."). However, the General Assembly also established that several offenses are not sexually violent offenses under Paragraph (3.1). 42 Pa.C.S. § 9799.13(3.1)(ii) (stating, "For purposes of this paragraph, the term 'sexually violent offense' shall have the meaning set forth in section 9799.12 (relating to definitions), except that it shall not include" the offenses listed in subparagraphs (A) and (B) (emphasis added)). Those exceptions include "[a] conviction under 18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree." 42 Pa.C.S. § 9799.13(3.1)(ii)(B). Consequently, where an individual, between January 23, 2005, and December 19, 2012, is convicted of an offense enumerated in 42 Pa.C.S. § 9799.13(3.1)(ii)(A) or (B), such as indecent assault graded as a second-degree misdemeanor, that conviction is not a "sexually violent offense" triggering a registration requirement.

Instantly, [Bundy], in relevant part, was convicted of indecent assault graded as a misdemeanor of the second degree on May 12, 2009. Therefore, the conviction upon which registration is currently sought occurred within the timeframe specified in Paragraph 3.1(i)(A). However, under Paragraph 3.1(ii)(B) the offense is not deemed to be a sexually violent offense. Accordingly, [Bundy] falls within the exception to the application

- 11 -

of Megan's Law, and he is not subject to registration under 42 Pa.C.S. § 9799.15.

Thus, having reviewed the record and the governing law, we conclude [Bundy] is not subject to a registration requirement, and we must reverse the order of the trial court confirming the imposition of a registration requirement.

*Id.* at *10-*13.

In a footnote, this Court addressed the "possible tension" between Paragraph (3.1)(ii) and Paragraph (2) of § 9799.13 and turned to the statutory construction provisions of 1 Pa.C.S.A. § 1933 to resolve that tension, noting "to the extent there may be a conflict in the statute, the general provision in Paragraph (2) yields to the specific provision set forth in Paragraph (3.1) and Paragraph (3.1) controls." *Id.* at *12-*13 n.4.

Appellant was convicted on August 24, 2010 of two counts of indecent assault under 18 Pa.C.S.A. 3126(a) graded as misdemeanors of the second degree. As in **Bundy**, Appellant's conviction occurred within the timeframe specified in Paragraph 3.1(i)(A) but his offense no longer is deemed a sexually violent offense under Paragraph 3.1(ii)(B). Consequently, Appellant falls into the exception created by Act 19 and he is not subject to registration under 42 Pa.C.S.A. § 9799.15. Therefore, we vacate the trail court's September 16 order.

Order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/3/2014