J. S12036/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY B. SNYDER, | : | |
| | : | |
| Appellant | : | No. 1550 EDA 2014 |

Appeal from the Order April 17, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division No(s).: CP-39-CR-0004012-2005

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MARCH 09, 2015**

*Pro se* Appellant, Timothy B. Snyder, appeals from the order entered in the Lehigh County Court of Common Pleas denying his petitions challenging the retroactive application of the Megan's Law registration requirement. The Commonwealth and trial court agree that Appellant is entitled to relief. We reverse the order below.

The facts underlying Appellant's conviction are unnecessary for our disposition. Briefly, on April 25, 2006, Appellant pleaded guilty to indecent assault, graded as a second-degree misdemeanor. Trial Ct. Op., 8/1/14, at 4. The court sentenced Appellant to two to four years' imprisonment, followed by two years' probation. Appellant was on probation when he was

---

[*] Former Justice specially assigned to the Superior Court.

charged with burglary. Trial Ct., 6/26/14, at 5. For the probation violation, Appellant was sentenced to nine to eighteen months' imprisonment and was separately sentenced on the burglary charge. *Id.*

On September 12, 2013, the Pennsylvania State Police notified Appellant that he was obligated to register as a sexual offender pursuant to the version of the Sexual Offender Registration and Notification Act[1] ("SORNA") in effect on that date. Appellant, *pro se*, subsequently filed numerous petitions challenging the registration obligation. On April 17, 2014, the court denied all of Appellant's petitions and held that he was required to register. Order, 4/17/14. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

On appeal, Appellant contends he is not required to register under the present version of SORNA. The trial court and the Commonwealth concede error. After careful review, we agree.

The relevant statute follows:

> The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:
>
> * * *
>
> (3.1) The following:

---

[1] 42 Pa.C.S. §§ 9791-9799.9.

> (i) An individual who between January 23, 2005, and December 19, 2012, was:
>
> > (A) convicted of a sexually violent offense;
> >
> > (B) released from a period of incarceration resulting from a conviction for a sexually violent offense; or
> >
> > (C) under the supervision of the Pennsylvania Board of Probation and Parole or county probation or parole as a result of a conviction for a sexually violent offense.
>
> (ii) For purposes of this paragraph, the term "sexually violent offense" shall have the meaning set forth in section 9799.12 (relating to definitions), except that it shall not include:
>
> > *     *     *
> >
> > (B) A conviction under 18 Pa.C.S. § 3126 (relating to indecent assault) where the crime is graded as a misdemeanor of the second degree . . . .

42 Pa.C.S. § 9799.13(3.1)(i), (ii)(B).

Instantly, Appellant was convicted of indecent assault, graded as a second degree misdemeanor, on April 25, 2006. Thus, pursuant to the above statute, his conviction is not a "sexually violent offense." *See id.* Therefore, Appellant is not subject to the registration requirement. *See id.*; *Commonwealth v. Bundy*, 96 A.3d 390, 396 (Pa. Super. 2014) (reversing order requiring registration of defendant convicted on May 12, 2009, of indecent assault graded as second degree misdemeanor). Accordingly, we agree with the trial court and the parties, and reverse the order below. *See Bundy*, 96 A.3d at 396.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015