J-S41024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MARK P. GEHRET | |
| Appellee | No. 2042 MDA 2014 |

Appeal from the Order Entered November 5, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004251-2003

BEFORE:  ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 06, 2015**

The Commonwealth appeals from the order entered in the Court of Common Pleas of Berks County granting Mark P. Gehret's "Motion to Enjoin Sex Offender Registration Requirements."  Upon careful review, we affirm.

On June 1, 2004, Gehret entered an open guilty plea to one count of statutory sexual assault[1] after engaging in sexual intercourse in a parking lot with a fifteen-year-old girl.  At the time, Gehret was thirty years old.  Gehret was sentenced to serve ten to twenty-three months' incarceration followed by seven years of probation.  At the time of the guilty plea, Gehret was not required to register as a sex offender under the version of Megan's Law then

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3122.1.

in effect. Thereafter, Gehret violated both the parole and probationary portions of his sentence. Most recently, Gehret was re-sentenced to eight months to two years of incarceration followed by six years of probation on June 14, 2010. Thereafter, he was informed by the Pennsylvania Board of Probation and Parole that he would be required to register as a sex offender.

On August 6, 2014, Gehret filed a "Motion to Enjoin Sex Offender Registration Requirements." On November 3, 2014, the trial court granted the motion, finding that, under recent amendments to the Sexual Offenders Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9791-9799, Gehret was not required to register as a sex offender. The Commonwealth then filed a timely notice of appeal to this Court, as well as a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, the Commonwealth claims that the trial court erred by finding that Gehret is not required to register under SORNA. Appellant's Brief, at 5.

The Commonwealth's claim of error requires this Court to engage in statutory interpretation of section 9799.13 of SORNA. "Statutory interpretation is a question of law, and therefore our scope of review is plenary, and our standard of review is *de novo*." ***Commonwealth v. Giulian***, 111 A.3d 201, 203 (Pa. Super. 2015).

When interpreting a statute:

[W]e look to ascertain and effectuate the intention of the General Assembly. Additionally, we must give effect to all of the law[']s provision[s] and are not to render language superfluous

or assume language to be mere surplusage. If the text of the statute is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

*In re T.P.*, 78 A.3d 1166, 1174 (Pa. Super. 2013) (citations and quotation marks omitted).

Where there is a conflict in the terms of the language of a statute, section 1933 of the Statutory Construction Act provides as follows:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

We now turn to section 9799.13 of SORNA, which provides in pertinent part:

**§ 9799.13. Applicability.**

The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:

* * *

**(2)** An individual who, on or after the effective date of this section, [December 20, 2012], is, as a result of a conviction for a sexually violent offense, an inmate in a State or county correctional institution of this Commonwealth, including a community corrections center or a community contract facility, is being supervised by the Pennsylvania Board of Probation and Parole or county probation or parole, is subject to a sentence of intermediate punishment or has supervision transferred pursuant

to the Interstate Compact for Adult Supervision in accordance with section 9799.19(g).

\* \* \*

**(3.1)** The following:

(i) An individual who between January 23, 2005, and December 19, 2012, was:

(A) convicted of a sexually violent offense;

(B) released from a period of incarceration resulting from a conviction for a sexually violent offense; or

(C) under the supervision of the Pennsylvania Board of Probation and Parole or county probation or parole as a result of a conviction for a sexually violent offense.

(ii) For purposes of this paragraph, the term "sexually violent offense" shall have the meaning set forth in section 9799.12 (relating to definitions), except that it shall not include:

(A) Convictions:

(I) Under the following provisions of 18 Pa.C.S. (relating to crimes and offenses):

\* \* \*

Section 3122.1 (relating to statutory sexual assault).

42 Pa.C.S. § 9799.13. Paragraph (3.1) was amended on March 14, 2014, but made retroactive to December 20, 2012.

The Commonwealth argues that the exception to registration under paragraph (3.1)(ii)(A), applies to offenders who were convicted of enumerated offenses between January 23, 2005, and December 19, 2012 and, because Gehret was convicted in 2004, the exception does not apply to him. However, the Commonwealth ignores subsection (C) of paragraph (3.1)(i), which also includes those, like Gehret, who were under parole or

probationary supervision during that same time period, where the supervision was the result of a conviction for a sexually violent offense.

We find **Commonwealth v. Bundy**, 96 A.3d 390 (Pa. Super. 2014), to be controlling. There, the appellant was convicted of indecent assault in 2009. At the time of his conviction, he was not required to register as a sex offender under Megan's Law. However, following a subsequent resentencing resulting from a probation violation, Bundy was advised that he would be required to register as a result of a recent amendment to Megan's Law. Thereafter, Bundy filed a petition with the trial court seeking relief from the registration provision. While Bundy's petition was pending, the legislature passed, and the governor signed, the SORNA amendments at issue in the instant matter. This Court held that because Bundy's conviction occurred in 2009, within the timeframe provided in paragraph (3.1)(i)(A) of section 9799.13, and because paragraph (3.1)(ii)(B) excludes indecent assault from the definition of a sexually violent offense triggering registration, Bundy was not subject to registration.

Here, Gehret was, in fact, under parole and probationary supervision between January 23, 2005 to December 19, 2012 for statutory sexual assault, as provided in section 9799.13(3.1)(i)(C). However, statutory sexual assault is an offense that the General Assembly excluded from the list of crimes defined as sexually violent offenses for purposes of registration under paragraph (3.1)(ii). Thus, Gehret's offense falls within the exception to the registration requirement.

The Commonwealth also argues that Gehret is required to register pursuant to paragraph (2) of section 9799.13. Section 9799.13(2) requires an individual who was, *inter alia*, under supervision for a sexually violent offense at any time after the effective date of the act to register as a sex offender. This would seemingly conflict with the language of paragraph (3.1)(ii) and require Gehret to register, as he was subject to supervision after the effective date of the statute.

However, in **Bundy**, we recognized the conflict between the two paragraphs of section 9799.13 and reconciled them as follows:

> We are mindful that there is possible tension between Paragraph (3.1)(ii) and Paragraph (2) of Section 9799.13, with the latter stating, in relevant part, that the registration requirements apply to "[a]n individual who, on or after the effective date of this section [December 20, 2012], is, as a result of a conviction for a sexually violent offense, ... being supervised by the Pennsylvania Board of Probation and Parole or county probation or parole[.]" 42 Pa.C.S. § 9799.13(2). Nevertheless, to the extent there may be a conflict in the statute, the general provision in Paragraph (2) yields to the specific provision set forth in Paragraph (3.1) and Paragraph (3.1) controls.

**Bundy**, 96 A.3d at 395 n.4.

Here, Gehret was under supervision for a statutory sexual assault conviction between January 23, 2005, and December 19, 2012. This crime is specifically excluded as a sexually violent offense for purposes of registration under paragraph (3.1)(ii). Since paragraph (2) yields to paragraph (3.1), **see id.**, Gehret falls within the exception created by the General Assembly in paragraph (3.1). Accordingly, Gehret is not subject to

registration under section 9799.13 and the trial court properly granted his petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2015