J.S45040/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MERRILL MARVIN DUVALL, JR., | : | |
| | : | |
| Appellant | : | No. 67 MDA 2015 |

Appeal from the Order Entered December 22, 2014
In the Court of Common Pleas of Huntingdon County
Criminal Division No(s).: CP-31-CR-0000661-2002

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED AUGUST 31, 2015**

Appellant, Merrill Marvin DuVall, appeals *pro se* from the order entered in the Huntingdon County Court of Common Pleas, denying his "Motion to Enforce Plea Agreement." He argues the trial court erred by failing to honor his plea agreement which did not require him to register pursuant to the Sex Offender Registration and Notification Act ("SORNA").[1] Accordingly, Appellant contends he is serving an illegal sentence. We affirm.

The trial court summarized the facts and procedural history as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] "SORNA, codified at 42 Pa.C.S.[ ] §§ 9799.10–9799.41, became effective on December 20, 2012. . . . Pennsylvania courts have also referred to the current statute as 'Megan's Law IV,' 'Act 111 of 2011,' 'Adam Walsh Child Protection and Safety Act,' and the 'Adam Walsh Act.'" **Commonwealth v. Giannantonio**, 114 A.3d 429, 432 n.1 (Pa. Super. 2015).

Appellant appeared before this [c]ourt on September 2, 2003, and entered a plea of guilty to [i]ncest. Following the preparation of a Pre-Sentence Report, he was sentenced on November 17, 2003, to pay the costs of prosecution and to undergo imprisonment in a state correctional facility for a period of not less than eighteen (18) months or more than five (5) years with the effective date of the sentence being October 21, 2002.[2] By order dated December 2, 2008, we directed [Appellant] to comply with any special conditions imposed upon him by the Pennsylvania Board of Probation and Parole.

Appellant filed on December 10, 2014, his "Motion to Enforce Plea Agreement"[3] in which he correctly pleaded that he had not been sentenced by this [c]ourt to register under the provisions of [SORNA] ([Megan's] Law), 42 Pa.C.S. 9799.10 *et seq.* He also correctly pleaded that he was not assessed as a sexually violent predator. Next, he cited to the recent decision of the Superior Court of Pennsylvania in **Commonwealth v. Hainesworth**, 8[2] A.3d 444 ([Pa. Super.] 2013) [(*en banc*), *appeal denied*, 95 A.3d 276 (Pa. 2014)], where the court enforced a plea agreement that specifically provided that Hainesworth would not be subjected to the registration requirement of

---

[2] Appellant avers "on 21 October, 2007 [he] was forced to sign "Megan's Law Registration" via the Pennsylvania State Police while [he] was incarcerated at S.C.I. Cresson." Appellant's Brief at 5. Appellant has appended to his brief a sentence status summary from Bedford County indicating that he pleaded guilty to failure to comply with registration of sexual offenders requirement. Appellant's Brief at Ex. "H." **See** Pa.R.A.P. 1921, *note* (noting that although appellate court may consider only facts which have been duly certified in record, appellate court may consider document included in reproduced record—if accuracy of document is not disputed).

[3] We "note that the statutory and rule-based requirements governing a Post Conviction Relief Act] petition, [42 Pa.C.S. §§ 9541–9546,] do not apply to a challenge to the retroactive application of Megan's Law, but that this Court has jurisdiction to review orders confirming or rejecting a retroactive registration requirement." **Commonwealth v. Bundy**, 96 A.3d 390, 394 (Pa. Super. 2014).

[Megan's] Law. Finally, **Appellant requests an "order" enforcing the plea agreement between the Commonwealth and Petitioner**.

Trial Ct. Op., 2/13/15, 2-3 (emphasis added).

Appellant raises the following issues for our review:

> 1. Did the trial court commit an err [sic] of law by failing to honor the plea agreement, in that [A]ppellant was not required to register pursuant to 42 Pa.C.S. §9799.10 *et seq*.?
>
> 2. Did the court commit an err [sic] of law by issuing a [sic] order (5) five years after conviction for Appellant to comply with special conditions by the Pa. Board of Probation and Parole?
>
> 3. Is Appellant currently illegally incarcerated for failure to register under 42 Pa.C.S. § 9799.10 et seq.?

Appellant's Brief at 4.

First, Appellant argues the trial court erred in failing to honor the plea agreement that he was not required to register under Megan's Law. *Id.* at 7, 9. He contends that "where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled, at the least to the benefit of the bargain." *Id.* at 7.

Our review is governed by the following principle: "In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Hainesworth*, 82 A.3d at 447 (quotation marks and citation omitted). "*Hainesworth*, and [*Commonwealth v.*] *Partee*, [86 A.3d 245 (Pa. Super.), *appeal denied*, 97 A.3d 744 (Pa. 2014)], stand for the

- 3 -

proposition that this Court will specifically enforce parties' plea bargains."
*Giannantonio*, 114 A.3d at 435.

The *Giannantonio* Court rejected the defendant's claim that retroactive application of SORNA would violate his plea agreement. *Id.*

> Unlike in *Hainesworth* and *Partee*, **there is no evidence** here that Giannantonio's guilty plea was negotiated or structured to insure that he would register for only a ten-year period. **The record contains neither a colloquy from the federal guilty plea or sentencing hearings nor testimony or any other evidence demonstrating that counsel negotiated a specific ten-year registration period**. Rather, the guilty plea required Giannantonio to register and report pursuant to the law of the state in which he would reside following his release (not necessarily Pennsylvania). We agree with the trial court's conclusion that "because [Giannantonio] has failed to demonstrate through credible evidence that registration for a ten-year period was a bargained[-]for element of his negotiated plea, the petition for relief from SORNA's requirements for an additional [five] years was properly denied."

*Id.* at 435-36 (citation omitted and emphases added).

Instantly, the trial court opined:

> We denied relief because no facts were set forth that entitled Appellant to relief. In this regard, **Appellant did not plead nor is there anything in the record that indicates that there was a plea agreement in his case in 2003 that specifically addressed non-registration under [Megan's] Law**. . . .

Trial Ct. Op. at 3 (emphasis added). We agree no relief is due.

Appellant has not demonstrated through credible evidence that, based upon his plea agreement, he was not required to register pursuant to

Megan's Law.[4]   ***See Giannantonio***, 114 A.3d at 435-36.   Accordingly,

Appellant's Motion to Enforce Plea Agreement was properly denied.   ***See id.***

Order affirmed.

Judge Wecht joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/31/2015</u>

---

[4] Given our resolution of Appellant's first issue on appeal, we need not address issue two.  Appellant registered under Megan's Law on October 21, 2007.  Even assuming the Huntingdon County trial court's December 2, 2008 order is a legal nullity, it has no effect on the Megan's Law registration requirement.  ***See*** 42 Pa.C.S. § 9799.13.  We do not address issue three, *viz.*, the illegal sentence claim, based upon our resolution of issue one.  ***See infra.***  Additionally, the purported illegal sentence was imposed in a different case in Bedford County.  ***See*** note 2 *infra*.