J. S71040/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
          Appellee   :

  :

          v.   :

  :

  :

JOSE ANGEL VASQUEZ,   :

  :

          Appellant   :   No. 791 MDA 2014

Appeal from the Judgment of Sentence March 24, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division No(s).: CP-35-CR-0001559-2013

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:         **FILED JANUARY 07, 2015**

Appellant, Jose Angel Vasquez, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas. He asserts that his conviction for failing to comply with the registration requirements[1] of the Sexual Offender Registration and Notification Act (SORNA)[2] is illegal due to recent amendments to that statute.[3] The Commonwealth agrees Appellant is entitled to a remand to determine his eligibility for release from

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.1(a)(1); 42 Pa.C.S. §§ 9799.15(g)(3).

[2] 42 Pa.C.S. §§ 9799.10-9799.41.

[3] Act of March 14, 2014, P.L. 41, No. 19 (eff. Dec. 20, 2012) ("March 14, 2014 amendments").

imprisonment, but maintains Appellant's sentence was not illegal. We reverse the judgment of sentence, vacate the trial court's November 3, 2014 order, and deny Appellant's application to withdraw this appeal.

On August 12, 2008, Appellant pleaded guilty to interference with the custody of children and criminal mischief. On October 14, 2008, the trial court sentenced Appellant to two years' probation for the interference count. Appellant violated the terms of his probation, and, on February 9, 2009, the court sentenced him to a violation of probation (VOP) sentence of two years' probation. Appellant again violated the terms of his probation. On September 15, 2010, the court imposed a VOP sentence of one to two years' imprisonment.

From the time of Appellant's initial 2008 conviction to his September 2010 VOP sentence, the crimes of interference with the custody of children and criminal mischief were not designated sexually violent offenses requiring registration under Megan's Law.[4] On December 20, 2012, SORNA came into effect. Unlike Megan's Law, SORNA designated the crime of interference with the custody of children as a sexually violent offense requiring registration. 42 Pa.C.S. § 9799.14(b)(3).

Appellant registered under SORNA. In May of 2013, he changed his employment but failed to update his registration information within three days of that change. On July 9, 2013, the Commonwealth commenced the

_____

[4] 42 Pa.C.S. §§ 9795.1-9799.4 (expired Dec. 20, 2012).

instant criminal proceeding against Appellant and charged him with one count of failing to comply with SORNA's registration requirements. On October 1, 2013, he pleaded guilty to that count.

While Appellant was awaiting sentencing on his guilty plea, the General Assembly codified 42 Pa.C.S. § 9799.13(3.1) as part of the March 14, 2014 amendments to SORNA. *See* Act of March 14, 2014, P.L. 41 No. 19, § 3, 2014 Pa. Legis. Serv. Act 2014-19 ("Act 19"). Under Subsections (3.1)(i) and (3.1)(ii)(A)(I), the crime of interference with custody of children was excluded from the definition of a "sexually violent offense" for individuals convicted of that offense between January 23, 2005, and December 19, 2012. *See* 42 Pa.C.S. § 9799.13(3.1)(i), (ii)(A)(I). Although enacted on March 14, 2014, Subsection (3.1.) took effect retroactively as of December 20, 2012. Act 19, § 7. As noted above, Appellant pleaded guilty on October 1, 2013, for failing to comply with SORNA's registration requirement, based on conduct that occurred in May of 2013.

On March 24, 2014, the trial court imposed the instant sentence of two to five years' imprisonment followed by two years' probation for failing to comply with SORNA's registration requirements.[5] Appellant did not move to withdraw his plea prior to or after sentencing, but filed a timely post-

---

[5] Appellant's conviction under 18 Pa.C.S. § 4915.1(a)(1) was graded as a felony of the third degree, which authorized a maximum sentence of up to seven years. *See* 18 Pa.C.S. §§ 1103(3), 4915.1(b)(1). His conviction also carried a mandatory minimum sentence of two years. *See* 42 Pa.C.S. § 9718.4(a)(1)(i).

sentence motion seeking reconsideration of mitigating sentencing factors. The court denied Appellant's post-sentence motion on April 3, 2014.

Appellant filed a timely notice of appeal.[6] On May 5, 2014, the trial court order Appellant to file a Pa.R.A.P. 1925(b) statement. After receiving two extensions of time, Appellant filed his Rule 1925(b) statement on July 7, 2014. Three days later, on July 10, 2014, this Court decided **Commonwealth v. Bundy**, 96 A.3d 390 (Pa. Super. 2014), and held that 42 Pa.C.S. § 9799.13(3.1) created an exception to SORNA's registration requirement. The trial court did not file a responsive opinion.

While this appeal was pending, the trial court, on November 3, 2014, entered an order purporting to vacate Appellant's sentence based on his argument that he is no longer subject to a registration requirement. This order was filed with this Court on November 7, 2014, and received by this panel on November 19, 2014. In light of our disposition of this appeal, as well as 42 Pa.C.S. § 5505, Pa.R.A.P. 1701, and **Commonwealth v. Holmes**, 933 A.2d 57 (Pa. 2007), we vacate the November 3, 2014 order. Moreover, on December 16, 2014, Appellant filed an application to withdraw the present appeal in apparent reliance on the November 3, 2014 order and a representation that the Commonwealth would dismiss the charge *sub*

---

[6] Because the thirtieth day following the denial of his post-sentence motion fell on a Saturday, Appellant filed a timely notice of appeal on the following Monday, May 5, 2014.

*judice*. In light of our decision to vacate the November 3, 2014 order, we also deny the motion to withdraw the appeal to avoid possible confusion in the record.

Appellant presents the following question for review:

> Whether the [trial] court imposed an illegal sentence since the offense to which the Appellant pled guilty on August 12, 2008, (interference with custodial rights) is now exempt from registration in light of the amendment enacted on March 14, 2014, effective December 20, 2012 to the Pennsylvania Sexual Offender Registration and Notification Act (SORNA) (Act 111)[?]

Appellant's Brief at 4.

Appellant argues the instant conviction under 18 Pa.C.S. § 4915.1(a)(1) is illegal. He admits he was formerly subject to registration under SORNA, and in May of 2013, failed to update his place of employment. *Id.* at 14-15. However, he asserts he is now exempt from registering in light of the March 14, 2014 amendments to SORNA. *Id.* at 15. He further contends that the instant conviction under 18 Pa.C.S. § 4915.1(a)(1) is now invalid because he is no longer subject to a registration requirement. *Id.* at 16. He thus requests that we vacate his conviction and dismiss the charge against him. *Id.* at 19.

The Commonwealth agrees that Appellant is no longer subject to a registration requirement in light of the March 14, 2014 amendments to SORNA. Commonwealth's Brief at 3. The Commonwealth, however, asserts that Appellant's conviction under 18 Pa.C.S. § 4915.1(a)(1) is proper

because at the time of the offense and his plea in May and October of 2013, Appellant was required to register and update his employment information. *Id.* The Commonwealth suggests that we remand the case to permit the trial court to determine whether Appellant is entitled to immediate release from incarceration. *Id.*

Following our review, we agree with the parties that Appellant is no longer subject to a registration requirement in light of the March 14, 2014 amendments to SORNA. *See* 42 Pa.C.S. § 9799.13(3.1)(i), (ii)(A)(I); *Bundy*, 96 A.3d at 395. However, the question remains: whether Appellant is entitled to reversal of his conviction under 18 Pa.C.S. § 4915.1(a)(1) for failing to comply with SORNA's registration requirement, when the predicate acts occurred in May of 2013, more than one year before the enactment of the March 14, 2014 amendments to SORNA, but after the amendments' retroactive effective date of December 20, 2012.

Our consideration of this question is guided by the following principles. It is well settled that upon entering a guilty plea, a defendant waives challenges to all non-jurisdictional defects except the validity of the plea and the legality of the sentence. *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008). Challenges to the validity of a guilty plea must be preserved by contemporaneously objecting to a procedural defect or seeking withdrawal of a plea. *See Commonwealth v. Lincoln*, 72 A.3d 606, 611 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014).

Challenges to the legality of the sentence cannot be waived. **_Commonwealth v. Randal_**, 837 A.2d 1211, 1214 (Pa. Super. 2003). A sentence is illegal "if no statutory authorization exists for a particular sentence." **_Pantalion_**, 957 A.2d at 1271.

At the outset, we note that Appellant asserts that his sentence for failing to comply with SORNA's registration requirement is illegal. However, Appellant reasons that he is legally innocent of the charge by operation of the March 14, 2014 amendments to SORNA, that his guilty plea is invalid, and, therefore that the trial court lacked jurisdiction to sentence him based on an invalid guilty plea. Such arguments are directed to the validity of his guilty plea, not the legality of the sentence. Unfortunately, Appellant did not preserve his challenge to the validity of his guilty plea by objecting or seeking withdrawal of his plea in the trial court, and his argument may be deemed waived. **_See Commonwealth v. Lincoln_**, 72 A.3d at 611.

Nevertheless, we are mindful that Appellant is relying on a change in law, and although the SORNA statute was amended ten days before he was sentenced in the instant matter, **_Bundy_** was not decided until after this appeal was taken. Given this change in law, we conclude that Appellant has preserved his issue at the first opportunity to do so and decline to find waiver.

Instantly, Appellant pleaded guilty to a violation of 18 Pa.C.S. § 4915.1(a)(1), which states:

An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to:

(1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police)[.]

*See* 18 Pa.C.S. § 4915.1(a)(1).

In general, SORNA's registration requirement is triggered by a conviction of a "sexually violent offense." *See* 42 Pa.C.S. §§ 9799.12-9799.14. SORNA classifies the crime of interference of custody of children as a Tier I sexual offense and a "sexually violent offense." 42 Pa.C.S. §§ 9799.12, 9799.14(b)(3).

The March 14, 2014 amendments to SORNA added 42 Pa.C.S. § 9799.13(3.1), and made the registration requirement applicable to:

(3.1) The following:

(i) An individual who between January 23, 2005, and December 19, 2012, was:

(A) convicted of a sexually violent offense;

(B) released from a period of incarceration resulting from a conviction for a sexually violent offense; or

(C) under the supervision of the Pennsylvania Board of Probation and Parole or county probation or parole as a result of a conviction for a sexually violent offense.

(ii) For purposes of this paragraph, the term "sexually violent offense" shall have the meaning set

> forth in section 9799.12 (relating to definitions), **except that it shall not include**:
>
> (A) Convictions:
>
> (I) Under the following provisions of 18 Pa.C.S. (relating to crimes and offenses):
>
> * * *
>
> Section 2904 (relating to interference with custody of children).

42 Pa.C.S. § 9799.13(3.1)(i), (ii)(A)(I) (emphasis added). ***Bundy*** held that Subsection (3.1) created an exception to SORNA's registration requirement for individuals convicted between January 23, 2005, and December 19, 2012, of an offense enumerated in Subsection (3.1)(ii). ***Bundy***, 96 A.3d at 395. Applying ***Bundy***, to the present case, we agree with the parties that Appellant is not required to register based on his August 12, 2008 conviction for interference with custody of children.

As to the validity of Appellant's conviction for failing to register, we note there is a presumption that amendments to statutes are not intended to apply retroactively. ***See*** 1 Pa.C.S. § 1926. However, the express language of 42 Pa.C.S. § 9799.13(3.1) states the Subsection applies to events that occurred between January 23, 2005 and December 19, 2012. Furthermore, the General Assembly made the addition of Subsection (3.1) to SORNA "retroactive to December 20, 2012." Act 19, § 7(2). As such, Subsection (3.1) "attaches new legal consequences to events completed before its enactment . . . and gives a previous transaction a legal effect

different from that which it had under the law in effect when it transpired." **See In re K.A.P.**, 916 A.2d 1152, 1159-60 (Pa. Super. 2007) (citations omitted).

Instantly, as part of his guilty plea entered October 1, 2013, Appellant conceded that he became subject to SORNA's registration requirement on December 20, 2012, and that in May of 2013, he failed to comply with a provision requiring him to update his employment information within three days of a change. However, the enactment of 42 Pa.C.S. § 9799.13(3.1) created an exception under which Appellant is not required to register. Because Subsection (3.1) applies retroactively as of December 20, 2012, we apply it as such and conclude that Appellant was **not** legally subject to SORNA's registration requirement. Accordingly, Appellant cannot be convicted under 18 Pa.C.S. § 4915(a)(1) based on acts occurring in May of 2013, because he was not "an individual who is subject to registration under 42 Pa.C.S. § 9799.13." **See** 18 Pa.C.S. § 4915(a)(1). Thus, we agree with Appellant that his October 1, 2013 plea lacks a proper legal basis and reverse his conviction.

Judgment of sentence reversed. Order of November 3, 2014 vacated. Appellant's application to withdraw appeal denied. Appellant discharged. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/2015