J-A14045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TREVOR LEE PAYNE, | : | |
| | : | |
| Appellant | : | No. 3735 EDA 2017 |

Appeal from the Order Entered October 13, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0002506-2010,
CP-39-CR-0002509-2010

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                 **FILED SEPTEMBER 19, 2018**

Appellant, Trevor Lee Payne, appeals from the order entered in the Lehigh County Court of Common Pleas, which denied his "Motion to Cease and Dismiss Retroactive Application of Registration Requirements."  We affirm.

The relevant facts and procedural history of this case are as follows.  On August 31, 2010, Appellant entered a negotiated guilty plea to aggravated indecent assault and sexual assault at docket CP-39-CR-0002506-2010 ("docket 2506-2010"), and to corruption of minors at docket CP-39-CR-0002509-2010 ("docket 2509-2010").  The court sentenced Appellant at both dockets on August 16, 2011, to an aggregate term of 7½ to 25 years' imprisonment, consistent with the plea agreement, and designated Appellant a sexually violent predator ("SVP").  Appellant's convictions at docket 2506-2010 subjected him to lifetime sex offender registration requirements under

_____

*   Retired Senior Judge assigned to the Superior Court.

Megan's Law III, which was in effect at the time Appellant committed his crimes.[1]  Appellant did not file a direct appeal.

On January 18, 2013, Appellant filed a *pro se* letter at both dockets, which the court treated as a first petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  The court appointed counsel, who filed an amended PCRA petition on March 25, 2013.[2]  On April 3, 2013, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907.  Before the court finally disposed of the petition, Appellant withdrew the petition on May 13, 2013.

On September 15, 2017, Appellant filed the current *pro se* document titled: "Motion to Cease and Dismiss Retroactive Application of Registration Requirements."  Appellant claimed he should not be subject to lifetime sex offender registration in light of our Supreme Court's recent decision in ***Commonwealth v. Muniz***, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018) (holding requirements of Sexual Offender Registration and Notification Act ("SORNA") constitute criminal punishment; purpose of SORNA is punitive in effect, despite General Assembly's stated civil remedial purpose; SORNA is unconstitutional *ex post*

---

[1] The General Assembly enacted Megan's Law III on November 24, 2004, effective January 24, 2005.

[2] In his petitions, Appellant claimed he was mentally incompetent at the time of his guilty pleas and sentencing.

*facto* law when applied retroactively to those sex offenders convicted of applicable crimes before SORNA's effective date and subjected to **increased** registration requirements under SORNA after its passage) (emphasis added).[3] The court denied relief on October 13, 2017, stating **Muniz** is inapplicable to Appellant because he was subject to lifetime registration prior to the enactment of SORNA, which did not enhance his registration requirements.

Appellant timely filed a *pro se* notice of appeal.[4] On December 1, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant did not comply with the court's order.

Appellant raises one issue for our review:

> WHETHER THE PCRA COURT COMMITTED LEGAL ERROR BY ARBITRARILY DENYING APPELLANT'S CEASE AND DISMISS RETROACTIVE APPLICATION OF REGISTRATION REQUIREMENTS PURSUANT TO SORNA, IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTION(S) AND PENNSYLVANIA SUPREME COURT PRECEDENT?

(Appellant's Brief at 3).

Preliminarily, any petition for post-conviction collateral relief will

---

[3] The legislature enacted SORNA on December 20, 2011, effective December 20, 2012, which replaced Megan's Law III. SORNA was recently amended by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018.

[4] Appellant's notice of appeal, dated October 19, 2017, is timely pursuant to the "prisoner mailbox rule." **See Commonwealth v. Wilson**, 911 A.2d 942 (Pa.Super. 2006) (stating document is filed when *pro se* prisoner hands it to authorities for mailing).

generally be considered a PCRA petition, regardless of how it is styled, if the petition raises issues for which the relief sought is available under the PCRA. *See Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). As well, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's current prayer for relief challenges the constitutionality of his lifetime registration requirements, which is an attack on the legality of the sentence and cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i), (vii); *Muniz, supra*; *Commonwealth v. Murphy*, 180 A.3d 402 (Pa.Super. 2018) (treating appellant's "writ of *mandamus* or other extraordinary relief" challenging constitutionality of lifetime registration requirement under *Muniz*, as cognizable under PCRA). *See also*

*Commonwealth v. Fowler*, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding collateral attack on legality of sentence must be raised in PCRA petition; challenges to legality of sentence must first satisfy PCRA time limits or one of statutory exceptions).[5]  Thus, the court should have treated Appellant's current motion as a second PCRA petition.[6]

Here, the court sentenced Appellant on August 16, 2011, and he did not pursue direct review; so, Appellant's judgment of sentence became final on September 15, 2011.  **See** 42 Pa.C.S.A. § 9545(b)(3).  **See also** Pa.R.A.P. 903(a) (stating appellant has 30 days to appeal from order or judgment at issue).  Appellant filed the current PCRA petition on September 15, 2017, which is patently untimely.  **See** 42 Pa.C.S.A. § 9545(b)(1).  Appellant does not acknowledge the untimeliness of his current petition or attempt to invoke

---

[5] Prior to **Muniz**, an attack on the legality of registration requirements would **not** have been cognizable under the PCRA.  **See, e.g., Commonwealth v. Bundy**, 96 A.3d 390 (Pa.Super. 2014) (reiterating prior Pennsylvania precedent that statutory and rule-based requirements governing PCRA petition do not apply to challenge to sex offender registration requirements and/or SVP designation because such claims do not pertain to underlying conviction or sentence).

[6] The court did not treat Appellant's current filing as a PCRA petition or issue Rule 907 notice.  Nevertheless, Appellant has not contested the lack of Rule 907 notice on appeal, so any defect to notice is waived.  Further, failure to issue Rule 907 notice would not constitute reversible error here.  **See Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013) (explaining failure to challenge on appeal absence of Rule 907 notice constitutes waiver; moreover, where PCRA petition is untimely, court's failure to issue Rule 907 notice is not reversible error).

any of the exceptions to the statutory time-bar. *See Commonwealth v. Liebensperger*, 904 A.2d 40 (Pa.Super. 2006) (explaining petitioner must specifically plead timeliness exception to invoke jurisdiction over untimely PCRA petition).

To the extent Appellant's reliance on *Muniz* could be an attempt to invoke the "new constitutional right" exception at Section 9545(b)(1)(iii), Appellant would not be entitled to relief. *See Murphy, supra* (holding petitioner cannot rely on *Muniz* to meet timeliness exception under Section 9545(b)(1)(iii) until United States Supreme Court or Pennsylvania Supreme Court holds that *Muniz* applies retroactively to untimely PCRA petitions). Moreover, SORNA did not subject Appellant to increased registration requirements; he was already subject to lifetime registration under Megan's Law III. Thus, Appellant would not be entitled to relief under *Muniz* in any event.[7] *See Muniz, supra*. Accordingly, we affirm.

Order affirmed.

Judge Platt did not participate in the consideration or decision of this case.

---

[7] The PCRA court deemed Appellant's issue waived for failure to comply with the court's Rule 1925(b) order. Because Appellant's issue implicates the legality of his sentence, we would have declined to find waiver if Appellant had established jurisdiction over his current PCRA petition. *See generally Commonwealth v. Randal*, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining general rule that challenges to illegal sentence cannot be waived and may be raised by this Court *sua sponte*). *But see Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214 (1999) (explaining claims raised in **untimely** PCRA petition, which otherwise might not be subject to waiver, must first satisfy exception to PCRA time-bar to overcome jurisdictional hurdle).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/18