J-S05025-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHEN KELLER | : | |
| | : | |
| Appellant | : | No. 1047 WDA 2018 |

Appeal from the PCRA Order Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002847-2011

BEFORE: PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    FILED MARCH 11, 2019

Appellant Stephen Keller appeals from the order dismissing his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. Appellant asserts that the PCRA timeliness provisions are inapplicable to a motion challenging the retroactive application of the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. 9799.10-9799.75 (subsequently amended Feb. 21, 2018). Appellant's counsel has filed a petition to withdraw and a Turner/Finley brief.[1] We affirm and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

The underlying facts of this matter need not be stated in detail. Appellant was charged with rape of a child and indecent assault[2] among other offenses. On February 15, 2012, Appellant pled nolo contendere to one count each of rape of a child and indecent assault. The remaining sixteen counts against Appellant were withdrawn. The same day, the trial court sentenced Appellant to six to twenty years' incarceration for rape of a child and no further penalty for indecent assault. Appellant did not file a direct appeal.

On September 12, 2017, Appellant filed a pro se PCRA petition seeking relief under Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017). Counsel was appointed, and after two extensions of time, counsel filed an amended petition/motion seeking relief from the retroactive application of SORNA provisions. Counsel styled this petition as falling outside the scope of the PCRA[3] but also included argument that if the PCRA applied, the holding in Muniz applied retroactively on collateral review. The PCRA court issued a

_____

[2] 18 Pa.C.S. §§ 3121(c) and 3126(a)(8), respectively.

[3] Appellant relied on Commonwealth v. Bundy, 96 A.3d 390 (Pa. Super. 2014), which stated that

> the statutory and rule-based requirements governing a PCRA petition do not apply to a challenge to the retroactive application of Megan's Law, but that this Court has jurisdiction to review orders confirming or rejecting a retroactive registration requirement. . . . Accordingly, we conclude that the trial court's determination that [the a]ppellant's petition was untimely and/or meritless under the PCRA constituted error.

Br. in Support of Mot. to Preclude (Continued) Retroactive Application of SORNA, at 3 (citing Bundy, 96 A.3d at 394).

Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing on April 16, 2018. The PCRA court dismissed the PCRA petition as untimely on July 18, 2018.

Appellant filed a timely notice of appeal and contemporaneously filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court filed a responsive Pa.R.A.P. 1925(a) opinion, in which the court noted that Appellant's PCRA petition was untimely:

> Although[] Muniz has been held by the Superior Court to apply retroactively to cases on timely collateral review, Commonwealth v. Rivera-Figueroa, 174 A.3d 674 (Pa. Super. 2017, the Superior Court also held in Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018)[,] that the Muniz decision did not meet the [requirements of the newly recognized constitutional right timeliness exception to the PCRA's time-bar] because the Pennsylvania Supreme Court had not found that Muniz applies retroactively. As the time limitations of the PCRA were applied in Murphy, the instant Petition is untimely. To the extent that [Appellant] alleges that the decision in Muniz recognizes a new constitutional right which falls within the [timeliness exception], the decision in Murphy is also applicable.

PCRA Ct. Op., 11/7/18, at 3-4.

Appellant raises the following issue for our review: "Whether the PCRA statute of limitations is inapplicable to a motion/petition challenging the retroactive application of SORNA[.]" Appellant's Brief at 2.

Before we address Appellant's issue, we note that Appellant's counsel has filed an application to withdraw as counsel and a no-merit brief under Turner/Finley. Accordingly, we must first address whether counsel has fulfilled the procedural requirements for withdrawing his representation.

Commonwealth v. Muzzy, 141 A.3d 509, 510 (Pa. Super. 2016) (stating that "[p]rior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel").

As we have explained,

[c]ounsel petitioning to withdraw from PCRA representation must proceed . . . under [Turner and Finley] and . . . must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

* * *

Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of Turner/Finley, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

Id. at 510-11 (citations omitted).

Here, counsel's application to withdraw and brief to this Court detail his diligent review of the case and include the issue Appellant wishes to have reviewed. Counsel explains the reasons the issue lacks merit and requests permission to withdraw. Additionally, counsel has provided Appellant with a copy of the no-merit brief and application to withdraw, as well as a statement advising Appellant of his right to proceed pro se or with privately retained

counsel. Accordingly, we will permit counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

In his sole issue, Appellant asserts that he is not required to meet the timeliness requirements of the PCRA since he is challenging the retroactive applicability of SORNA provisions. Appellant's Brief at 8-9. In support, Appellant references the holding in Bundy that appears to exempt challenges to the retroactive application of SORNA provisions from the PCRA. Id. In the event Appellant's issue falls under the PCRA, Appellant attempts to assert a timeliness exception to the PCRA's requirements based upon the announcement of a newly-recognized constitutional right in Muniz. Id. at 11.

Despite an attempt to rely on Bundy, Appellant's argument is misplaced. The context of Bundy was the enforcement of a plea agreement with respect to the period of registration for a sex offender. Bundy, 96 A.3d at 391. In that specific context, the PCRA was deemed inapplicable. Id. at 394. Here, however, Appellant's claim is cognizable under the PCRA. See Commonwealth v. Greco, __ A.3d __, __, 2019 WL 510129, at *2 (Feb. 8, 2019) (holding that "claims challenging application of SORNA's registration provisions . . . are properly considered under the PCRA" (citation omitted)). Accordingly, we analyze Appellant's issue under the timeliness requirements of the PCRA.

The PCRA requires that a first or subsequent PCRA petition be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). For purposes of the PCRA, the judgment of sentence

"becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the above timeliness requirements exist, which include the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petition invoking one of the timeliness exceptions must be filed within sixty days of the date the claim could have been presented. See 42 Pa.C.S. § 9545(b)(2) (subsequently amended October 24, 2018, to a one-year time-frame for claims arising on or after December 24, 2017).

Here, Appellant did not file a direct appeal, and the expiration of the time for him to do so was thirty days after he was sentenced on February 15, 2012. See Pa.R.A.P. 903(a). Accordingly, Appellant's instant PCRA petition, filed on September 12, 2017, was facially untimely. However, Appellant

asserts that he meets the newly-recognized constitutional right in Section 9545(b)(1)(iii) based upon the holding in Muniz.

Although Appellant filed the instant petition within sixty days of the holding in Muniz, he is due no relief. The PCRA court correctly noted that Murphy controls in the instant matter. In Murphy, we held that because the Pennsylvania Supreme Court has not held that Muniz applies retroactively, it cannot be invoked to meet the timeliness exception in Section 9545(b)(1)(iii). See Murphy, 180 A.3d at 405-06. On this basis, Appellant's PCRA petition was untimely and does not meet a timeliness exception permitting us to review his petition. As Appellant's issue is without merit and counsel has met the technical requirements of Turner/Finley, counsel is permitted to withdraw.

Order affirmed. Application to withdraw as counsel granted.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2019