J-S15023-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK PRUITT | : | |
| | : | |
| Appellant | : | No. 1064 WDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005388-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK PRUITT | : | |
| | : | |
| Appellant | : | No. 1065 WDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002640-2004

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK PRUITT | : | |
| | : | |
| Appellant | : | No. 1066 WDA 2018 |

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0008223-2007

BEFORE:   GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

_____
*   Retired Senior Judge assigned to the Superior Court.

J-S15023-19

MEMORANDUM BY SHOGAN, J.:                    FILED JUNE 18, 2019

Appellant, Frank Pruitt, appeals from three orders dismissing separate petitions in which he sought habeas corpus relief, or alternatively, a remedy pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Appellant filed timely notices of appeal at each of the PCRA court's docket numbers, and these separate appeals were consolidated by this Court sua sponte on August 7, 2018. After careful review, we conclude that the PCRA court properly treated Appellant's filings as untimely PCRA petitions and correctly dismissed the petitions. Accordingly, we affirm.[1]

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> [Appellant] has appealed from this Court's Order of June 27, 2018, which dismissed his third Amended Post Conviction Relief Act Petition without a hearing. However, a review of the record reveals that because the Petition is untimely, this Court lacks the jurisdiction to address it. The Petition was, therefore, properly dismissed.
>
> [Appellant] was charged at three (3) separate informations with various crimes relating to three (3) separate victims, as follows: At CC 200805388 (Victim [D.H.]): Rape of a Child,[1]

_____

[1] Counsel for Appellant, Jacob C. McCrea, Esquire, has filed appeals involving six defendants, all of whom are convicted sex offenders, at the following Superior Court docket numbers: Commonwealth v. Robinson at 1057-1058 WDA 2018; Commonwealth v. Bres at 1060 WDA 2018; Commonwealth v. Brant at 1061 WDA 2018; Commonwealth v. Preik at 1062-1063 WDA 2018; Commonwealth v. Pruitt at 1064-1066 WDA 2018; and Commonwealth v. Jones at 1067 WDA 2018. The issues raised in all of these appeals are identical; however, each defendant's appeal is addressed in a separate memorandum.

- 2 -

Rape,[2] Endangering the Welfare of a Child,[3] Terroristic Threats[4] and Simple Assault of a Child;[5] At CC 200708223 (Victim [M.A.]): Rape,[6] Rape of a Child,[7] Involuntary Deviate Sexual Intercourse with a Child,[8] Indecent Assault[9] and Corruption of Minors;[10] and at CC 200402640 (Victim [L.H.]): Rape of a Child[11] and Involuntary Deviate Sexual Intercourse.[12]

[1] 18 Pa.C.S.A. §3123(c)

[2] 18 Pa.C.S.A. §3121(a)

[3] 18 Pa.C.S.A. §4304

[4] 18 Pa.C.S.A. §2706(a)(1)

[5] 18 Pa.C.S.A. §2701(b)(2)

[6] 18 Pa.C.S.A. §3121

[7] 18 Pa.C.S.A. §3121(c)

[8] 18 Pa.C.S.A. §3123(b)

[9] 18 Pa.C.S.A. §3126(a)(1)

[10] 18 Pa.C.S.A. §6301(a)(1)

[11] 18 Pa.C.S.A. §3121(c)

[12] 18 Pa.C.S.A. §3123

[Appellant] was tried before this Court along with a Co-Defendant, [D.H.'s mother,] who was facing conspiracy and child endangerment and charges. At the close of the Commonwealth's case, this Court granted [Appellant's] Motions for Judgment of Acquittal at the 200805388 Terroristic Threats charge and at the 200402640 IDSI charge. [Appellant] was convicted of the remaining charges while his co-Defendant was acquitted.

[Appellant] appeared before this Court on November 17, 2008 and was sentenced to four (4) terms of imprisonment of ten (10) to twenty (20) years at each of the Rape and Rape of a Child convictions, for an aggregate sentence of 40-80 years. Timely

Post-Sentence Motions were filed and denied on December 1, 2008. The judgment of sentence was affirmed on July 14, 2010.[2]

On August 24, [Appellant] filed a pro se Post Conviction Relief Act Petition. Counsel was appointed to represent [Appellant] and an Amended Petition was filed. After reviewing the record and giving the appropriate notice of its intent to do so, this Court dismissed the Amended Petition without a hearing on February 28, 2011. That Order was affirmed by our Superior Court on December 30, 2011.[3]

No further action was taken until January 2, 2013, when [Appellant] filed his second pro se Post Conviction Relief Act Petition. After reviewing the record in its entirety and giving the appropriate notice of its intent to do so, this Court dismissed the Petition without a hearing on April 4, 2013. No direct appeal was taken.

No further action was taken until February 20, 2018, when [Appellant] filed a pro se Post Conviction Relief Act Petition alleging that, pursuant to Commonwealth v. Muniz, 169 A.3d 1189 (Pa. 2017), his lifetime [sexual offender] registration was unconstitutional. Counsel was appointed to represent [Appellant] and an Amended Petition was filed. The Commonwealth, through the Office of the District Attorney filed a response to the Amended Petition. Thereafter, the Pennsylvania State Police, through the Office of the Attorney General, sought and was granted permission to intervene. After giving the appropriate notice of its intent to do so, this Court dismissed the Amended Petition on June 27, 2018 without a hearing. This appeal followed.

PCRA Court Opinion, 10/10/18, at 1-3. Appellant filed timely notices of appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

_____

[2] Commonwealth v. Pruitt, 6 A.3d 562, 2145 WDA 2008 (unpublished memorandum) (Pa. Super. filed July 14, 2010).

[3] Commonwealth v. Pruitt, 40 A.3d 207, 531 WDA 2011 (unpublished memorandum) (Pa. Super. filed December 30, 2011).

On appeal, Appellant raises the following issues for this Court's consideration:

> 1. Whether the trial court erred in ruling that it lacked jurisdic[ti]on to adjudicate the merits of the amended PCRA petition and/or petition for writ of habeas corpus?
>
> 2. Whether the trial court erred by not ruling that Act 10 of 2018 is unconstitutional under the federal and state ex post facto and double jeopardy clauses?

Appellant's Brief at 5 (full capitalization omitted).[4]

At the outset, we must determine whether Appellant's petitions were correctly deemed PCRA petitions or whether they should have been considered petitions for habeas corpus relief. Appellant argues that his filings should have been treated as habeas corpus petitions because the relief sought falls outside of the strictures of the PCRA pursuant to the holding in Commonwealth v. Bundy, 96 A.3d 390 (Pa. Super. 2014). Appellant's Brief at 12. We disagree.

In Bundy, this Court held that the PCRA did not apply to challenges to sex offender registration requirements under Megan's Law, because claims under Megan's Law did not implicate the conviction or sentence. Bundy, 96 A.3d at 394. However, due to substantial changes in the law of sex offender registration, Bundy does not apply to Appellant's petitions.

_____

[4] As noted, although Appellant filed what were properly deemed PCRA petitions at each lower court docket number, these cases were later consolidated. For clarification, in this consolidated appeal, we note that the PCRA court and Appellant refer to the PCRA petitions as a singular "petition."

- 5 -

After the enactment of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.42, which replaced Megan's Law, our Supreme Court determined that the SORNA registration provisions are punitive in nature and that retroactive application of SORNA's requirements violates both the Pennsylvania and federal ex post facto clauses. Commonwealth v. Muniz, 164 A.3d 1189, 1193 (Pa. 2017). Furthermore, the punitive nature of SORNA's registration requirements impact the legality of a sex offender's sentence. Commonwealth v. Butler, 173 A.3d 1212, 1215 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018).[5] Therefore, Appellant's claims challenging the application of SORNA's registration requirements, as opposed to the requirements under Megan's Law, are issues concerning the legality of a sentence and cognizable under the PCRA. Commonwealth v. Greco, 203 A.3d 1120, 1123 (Pa. Super. 2019)

_____

[5] Following the decisions in Muniz and Butler, our General Assembly passed Acts 10 and 29 of 2018 in an effort to address SORNA's constitutional defects. 42 Pa.C.S. § 9799.51(b)(4). Specifically, the General Assembly modified the registration requirements for offenders convicted of committing offenses on or after SORNA's effective date, December 20, 2012. The General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth registration requirements for offenders convicted of committing offenses on or after the effective date of Megan's Law I, April 22, 1996, but prior to SORNA's effective date of December 20, 2012. Subchapter I applies to offenders whose period of registration has not expired, and offenders required to register under a prior sexual offender registration law on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired. Recently, pursuant to 42 Pa.C.S. § 722(7), our Supreme Court granted a direct appeal from a decision in the Montgomery County Court of Common Pleas to determine whether Acts 10 and 29 are constitutional. Commonwealth v. Lacombe, 35 MAP 2018 (Pa. 2018).

- 6 -

(citing Commonwealth v. Murphy, 180 A.3d 402, 405-406 (Pa. Super. 2018) appeal denied, 195 A.3d 559 (Pa. 2018)). Thus, because Appellant is challenging the application of SORNA, the decision in Bundy is immaterial, and the PCRA court properly considered Appellant's claims under the PCRA. See Commonwealth v. Montgomery, 181 A.3d 359, 367 (Pa. Super. 2018) (noting that the PCRA is the sole means of obtaining collateral relief, and it encompasses all other common law and statutory remedies including habeas corpus) (citing 42 Pa.C.S. § 9542)).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting Commonwealth v. Henkel, 90 A.3d 16, 20 (Pa. Super. 2014) (en banc)). We are limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. Commonwealth v. Lippert, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[6] A petition invoking one of these exceptions must be filed within one year of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).[7]

_____

[6] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[7] We note that Section 9545(b)(2) was amended on October 24, 2018, effective sixty days later on December 24, 2018, and extended the time for

- 8 -

As noted above, the trial court imposed Appellant's judgment of sentence on November 17, 2008, and this Court affirmed Appellant's judgment of sentence on July 14, 2010. Appellant did not file a petition for allowance of appeal in our Supreme Court. Therefore, Appellant's judgment of sentence became final on August 13, 2010. See 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, in order to be timely, Appellant needed to file the underlying PCRA petitions on or before August 15, 2011.[8] Appellant did not file the petitions until February 20, 2018.[9] Accordingly, Appellant's PCRA petitions are patently untimely.

However, we reiterate, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). Here, Appellant has failed to plead and prove any exception to the PCRA time bar. Thus, the PCRA court properly denied his petitions.

_____

filing from sixty days of the date the claim could have been presented to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. See Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

[8] Appellant's one-year period in which to file a timely PCRA petition expired on Saturday, August 13, 2011, thus, Appellant had until Monday, August 15, 2011, to file a timely PCRA petition. See 1 Pa.C.S. § 1908 ("Whenever the last day of any ... period [of time referred to in a statute] shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[9] Appellant filed amended petitions on March 26, 2018.

Furthermore, assuming Appellant presented the holding in Muniz as an exception to the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii), we would still conclude that no relief is due. As this Court recently explained:

> [W]e acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). See Abdul–Salaam, supra. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.

Murphy, 180 A.3d at 405-406 (emphasis in original).

Because our Supreme Court has not held that Muniz applies retroactively to untimely PCRA petitions, Appellant cannot satisfy his burden to plead and prove applicability of one of the exceptions to the timeliness requirement. Accordingly, had this exception to the PCRA time bar been properly raised, we would conclude that the PCRA court properly dismissed Appellant's petitions as untimely.

In sum, the PCRA court correctly treated Appellant's filings as PCRA petitions, concluded that the petitions were untimely, and found that Appellant failed to establish the applicability of any exception to the PCRA timing requirements. PCRA Court Opinion, 10/10/18, at 5. As such, the PCRA court lacked jurisdiction to address any claims presented. See Commonwealth v. Fairiror, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/18/2019